## A. T. & S. F. RAILROAD CO. v. WM. IRELAND.

1. PLEADING; TESTIMONY; *Variance; Stock Law of 1874.* In an action under the act of 1874 relating to the killing and wounding of stock by railroad companies, the plaintiff alleged in his petition, among other things, that the defendant railroad company *killed* a heifer belonging to him, but the evidence showed that the railroad company *wounded* the heifer only, and that the plaintiff himself afterward knocked her in the head and killed her. The evidence and the verdict of the jury showed also that the heifer would have died from her said wounds, if she had not been knocked in the head, and that the plaintiff knocked her in the head, merely to stop her sufferings. *Held,* That the variance between the allegations of the petition and the proof was not fatal to a recovery.

2. ────── *Killing Cattle by Railroad Company; Measure of Recovery.* In such action, the court instructed the jury that if they found for the plaintiff, they might find for the *full value* of the heifer. There was no evidence tending to show that the heifer was worth anything after she was killed, and the jury substantially found that she was worth nothing after she was killed. The jury found in favor of the plaintiff, and assessed his damages at eighteen dollars, which from the evidence was the full value of the heifer. The court rendered judgment in favor of the plaintiff for this amount. *Held,* That the court did not err in giving said instruction, or in rendering said judgment. The plaintiff, the court, and the jury, were under the circumstances entitled to consider the case as though the railroad company had itself actually killed said heifer.

3. COSTS; *Offer to Confess Judgment.* Prior to the commencement of the trial, the defendant offered to confess judgment for twenty dollars and costs; but the plaintiff refused to accept the offer. The plaintiff recovered a judgment for eighteen dollars as damages, and twenty-five dol-

lars for attorney-fees, besides costs. What the attorney's services rendered prior to said offer to confess judgment were worth, is not shown. *Held*, Not error to render judgment against the defendant for all of plaintiff's costs.

*Error from Lyon District Court.*

AT the March Term 1876 of the district court, *Ireland* recovered judgment against the *Railroad Company*, and such company brings the case here on error. The facts are stated in the opinion.

*Ross Burns*, and *J. G. Waters*, for plaintiff in error.

*Randolph & Sedgwick*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought under the act relating to the killing and wounding of stock by railroad companies. (Laws of 1874, page 143.) The first question raised by counsel for plaintiff in error, relating to the jurisdiction of the district court, has been decided and settled adversely to the claim of plaintiff in error by the decisions in the cases of *Shuster v. Finan*, and *Miller v. Bogart*, decided at this term, (*ante*, pp. 114, 118.)

The second question raised by counsel for plaintiff in error relates to a supposed variance between the allegations of the petition of the plaintiff below and the proof in the case; and the third question raised by counsel for plaintiff in error relates to a supposed error with regard to the measure of damages. We shall consider the second and third questions together.

The plaintiff below, Ireland, alleged in his petition among other things, that the defendant railroad company *killed* a heifer belonging to him. The proof however showed that the railroad company *wounded* the plaintiff's heifer only, and that the plaintiff himself afterward knocked her in the head and killed her. The plaintiff testified among other things as follows: "I knocked her in the head; I did it to stop her suffering. She could not get up, and would have died any-

way." There was no evidence tending to show that the heifer might have recovered from her wounds if she had not been knocked in the head; and the other evidence tends to show that she was very badly wounded. Upon said petition and said evidence the court below allowed the plaintiff to recover, and instructed the jury among other things that if they found that the railroad company *killed* the heifer, (and should also find the other necessary facts in the case in favor of the plaintiff,) they should find a verdict in favor of the plaintiff for the *full value* of the heifer. The jury found a verdict in favor of the plaintiff, and assessed his damages for the injuries done to the heifer at $18, and also found that the plaintiff was entitled to an attorney-fee of $25 for prosecuting the suit. They do not say in their verdict (except inferentially) what the heifer was worth before she was killed; but they attempt to say, and perhaps say it substantially, that she was worth nothing after she was killed. There was no evidence tending to show that she was worth anything after she was killed. They also find that the plaintiff killed the heifer by knocking her in the head, but that she would have died from her wounds which she received from the railroad company if she had not been knocked in the head. We think this last-mentioned finding (as well as the others) is sustained by sufficient evidence. The eighteen dollars damages allowed by the jury for the injuries done to the heifer was evidently (from their verdict and from the evidence) the exact value of the heifer. Now under the circumstances of this case we think that there was no fatal variance between the allegations of the plaintiff's petition and the evidence, and the plaintiff was entitled to recover the value of his heifer. That is, under the circumstances of this case we think that the plaintiff, the court and the jury, were all entitled to consider the case as though the railroad company had actually killed the heifer. And if the railroad company had actually killed the heifer, then the plaintiff would have been, under the statute, entitled to recover her full value, and also to re-

cover attorney-fees.   We therefore think that the court below did not err in these respects.

The fourth question raised by counsel for plaintiff in error relates to costs.   The plaintiff in error claims that the court below erred in rendering judgment against it for all the costs of the defendant in error, (plaintiff below.)   Prior to the commencement of the trial in the court below the defendant company, (plaintiff in error,) offered to confess judgment for twenty dollars and costs.   Ireland refused to accept such offer.   Afterward Ireland recovered a judgment for $18 as damages for the injuries done to the heifer, and $25 for attorney-fees; total, $43, besides costs.   What the attorney's services rendered prior to said offer to confess judgment were worth, is not shown.   But evidently they were worth more than two dollars.   Under the circumstances therefore we do not think that the court below erred in rendering said judgment for costs.

The judgment of the court below will be affirmed.

All the Justices concurring.